86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony JETTON, By and Through his guardian ad litem, Cathy
McKINLEY, individual, Plaintiff-Appellant,
v.
CITY OF DOWNEY, et al., Defendants-Appellees.
 No. 94-56157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided May 22, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On November 19, 1990, plaintiff Anthony Jetton was bitten by a police dog during his arrest by two city of Downey police officers. On March 17, 1993, Jetton filed a 42 U.S.C. § 1983 action in federal district court against the arresting officers, Downey Police Chief Clayton Mayes, and the city of Downey, alleging that the defendants used excessive force against him in violation of the Fourth Amendment.
 
 
 4
 The court bifurcated the trial over Jetton's objection, so that the first phase of the trial would address the excessive force claim against the individual officers; and the second phase the claim, based on Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), that the chief and city maintained an unconstitutional policy involving the use of police dogs. Phase one of the trial took place between October 12th and 14th. In its instructions to the jury, the court directed verdict for defendants on the officers' use of the dog to catch and stop Jetton, and instructed the jury to focus its deliberations on whether the dog's continued attack on a prone Jetton constituted an excessive use of force. The court refused plaintiff's request for instructions defining deadly force or explaining when it may be used. The jury found in favor of the individual officers, and the court entered judgment for all of the defendants under City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573 (1986). Jetton filed motions for judgment as a matter of law and for a new trial. The district court denied both. Jetton appeals.
 
 I.
 
 5
 Jetton argues that the district court's bifurcation constituted error because it created the possibility that the chief and city could escape liability for an unconstitutional canine policy if the jury exonerated the individual officers for following orders. However, we rejected a similar contention in a decision filed today. See Quintanilla v. City of Downey, No. 94-56550 (9th Cir.1996). The district court did not abuse its discretion.
 
 II.
 
 6
 Jetton also challenges the district court's refusal to give jury instructions relating to deadly force, its denial of his motion for judgment as a matter of law, and its directed verdict, relying on Tennessee v. Garner, 471 U.S. 1 (1985). Jetton contends that the district court erred when it refused his request for instructions based on Garner's deadly force test, and denied his motion for judgment as a matter of law on the deadly force issue. However, in Quintanilla, a decision filed today, this court rejected precisely the same contentions on facts that are indistinguishable from the instant case. As in Quintanilla, plaintiff here suffered only superficial injuries that did not require serious medical attention. Moreover, this case and Quintanilla involve precisely the same dog and dog handler. Thus, plaintiff here failed to produce sufficient evidence of deadly force to support an instruction based on Garner or to merit judgment as a matter of law. The district court neither abused its discretion in refusing to give such instructions, nor erred in denying plaintiff's motion for judgment as a matter of law.
 
 
 7
 Jetton also argues that the district court erroneously directed verdict for the defendants on whether the individual officers used excessive force to catch and stop him. He contends that a reasonable factfinder could conclude that the use of the dog violated Garner's deadly force test. His contention is without merit. First, the evidentiary record does not support a finding that the use of the dog in this case constituted deadly force, supra; therefore, Garner is not applicable. Second, even if Garner is applicable, its conditions have been satisfied. The individual officers had no means short of using a gun to stop the fleeing Jetton; therefore, the use of the dog was necessary. Jetton was an armed robbery suspect; therefore, he posed a significant threat of serious injury. And, the dog handler warned a fleeing Jetton that he would release the dog if Jetton didn't stop. The district court did not err in directing verdict for the defendants.
 
 III.
 
 8
 Jetton contends that the district court abused its discretion when it excluded testimony from medical expert Dr. Peter Meade; detailed summaries of medical treatment rendered to persons bitten by police dogs, prepared for an unrelated case; graphic photographs of injuries inflicted by police dogs in unrelated incidents; and a police dog training videotape. Jetton also argues that the district court erroneously admitted testimony from the treating physician Dr. Jack Kennis. Jetton's contentions are without merit.
 
 
 9
 The record shows that Meade's qualifications were questionable and that his testimony would have been cumulative. The graphic photographs and detailed medical summaries probably would have been unfairly prejudicial and cumulative if admitted. The videotape was of only questionable relevance because it documented dogs that were trained to bite and hold the arm; whereas the dog in this case was not so trained. The district court did not abuse its discretion in excluding this evidence.
 
 
 10
 The court similarly did not abuse its discretion in admitting Dr. Kennis' testimony. Jetton argues that he was denied adequate notice that Kennis would testify. However, the record shows that any failure to provide adequate notice stemmed from plaintiff's own discovery violations. Admission of this testimony was, therefore, not an abuse of discretion.
 
 IV.
 
 11
 Jetton argues that the district court abused its discretion when it denied his motion for a new trial under Fed.R.Civ.P. 60(b). He asserts that defendants' failure to produce an internal memorandum written by Sgt. Mike Hadley until the last day of trial constituted misconduct meriting a new trial. Had he seen the memo earlier, Jetton contends, he would have conducted cross-examinations showing that the individual officers lied about whether they allowed the dog to continue biting him after he was handcuffed. Jetton's position is unfounded. The record shows that Jetton's counsel had ample opportunity to conduct or request further cross-examinations after receiving the memo. Moreover, there is little indication that cross-examination based on this memo would have created an inference of fabrication. Thus, the late production of the memo did not prevent Jetton from "fully and fairly presenting his case." Jones v. Aero/Chem. Corp., 921 F.2d 875, 878-79 (9th Cir.1990). The district court did not abuse its discretion in denying the rule 60(b) motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3